UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTI K. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 15 C 2492 |
| v. | ) | |
| | ) | Judge Feinerman |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATION OF DISMISSAL WITH
PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)**

Pursuant to the Stipulation for Compromise Settlement and Release attached hereto as Exhibit A, plaintiff Kristi K. Baker, by her undersigned counsel, and defendant United States of America, by its attorney, Joel R. Levin, Acting United States Attorney for the Northern District of Illinois, hereby stipulate to the dismissal of the above-captioned case, with prejudice, with each party to bear their own costs and attorneys' fees.

Respectfully submitted,

For Plaintiff:

By: s/ Susan J. Schwartz
SUSAN J. SCHWARTZ
Corboy & Demetrio, P.C.
33 North Dearborn Street, Suite 2100
Chicago, Illinois 60602
(312) 346-3191

For Defendant:

JOEL R. LEVIN
Acting United States Attorney

By: s/ Jeffrey M. Hansen
JEFFREY M. HANSEN
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-1325
jeffrey.hansen@usdoj.gov

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRISTI K. BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 15 C 2492 |
| v. | ) |
| | ) Judge Feinerman |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF**
**FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677**

It is hereby stipulated by and between the undersigned Plaintiff and the Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the parties," by and through their respective attorneys, as follows:

1. The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2. This Stipulation is not, is in no way intended to be, and should not be, construed as an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. In consideration for Plaintiff's agreement to accept the terms and conditions of this settlement, the United States agrees to pay Plaintiff the sum of One Million Seven Hundred and Fifty Thousand Dollars ($1,750,000.00) (hereinafter "Settlement Amount") as follows:

a. As soon as is practicable after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Social Security numbers or tax identification numbers of Plaintiff and her attorneys; (3) an order obtained by the plaintiff dismissing this action in its entirety with prejudice, with the court not retaining jurisdiction over this action, the parties or the settlement, and with each side bearing its own costs, expenses, and fees; and (4) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will send a formal request to the Health Resources and Services Administration, United States Department of Health and Human Services requesting that the Settlement Amount be paid as described below:

    i. Payment of the Settlement Amount will be made by government electronic funds transfer as per the following:

        A. Name of Bank:
        B. Street Address of Bank:
        C. City, State and Zip Code of Bank:
        D. Routing Number:
        E. Name of Account:
        F. Account Number:
        G. Account Type:

b. With respect to the payment of the Settlement Amount, Plaintiff stipulates and agrees that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Settlement Amount into a qualified settlement fund or an equivalent fund or account. Plaintiff further stipulates and

agrees that she, her attorney(s), any guardian ad litem, and her representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3 precludes Plaintiff from purchasing non-qualifying annuities after Plaintiff has received the Settlement Amount via government electronic funds transfer, but she agrees that she will not represent to any person, entity, or agency that she is purchasing structured settlement annuities and she agrees she will not attempt to purchase such structured settlement annuities.

  c. The parties agree that any attorneys' fees owed by Plaintiff in her Federal Tort Claims Act suit against the United States shall not exceed twenty-five percent (25%) of the Settlement Amount. 28 U.S.C. § 2678.

  d. Plaintiff stipulates and agrees that she is legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid, and Medicare, arising from the injuries that are the subject matter of this action. Plaintiff stipulates and agrees that she will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. Plaintiff and her attorney represent that, as of the date they sign this Stipulation, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or a claim for payment or reimbursement arising from the injuries that are the subject matter of this action. Plaintiff agrees that, no later than thirty (30) days from the date any past, present, or future lien or claim for

payment or reimbursement is paid or resolved by Plaintiff, she will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or Plaintiff has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiff's attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or Plaintiff has waived and released such lien and claim.

    4. Plaintiff and Plaintiff's guardians, heirs, executors, administrators, and assigns hereby accept the settlement, including payment of the Settlement Amount, in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of plaintiff, or damage to property, and the consequences thereof, which Plaintiff or her heirs, executors, administrators, or assigns may have or hereafter acquire against the United States on account of the subject matter that gave rise to the above-captioned action.

    Plaintiff, on behalf of herself, her respective heirs, executors, administrators, assigns, predecessors and successors in interest, does hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiff has had, now has or hereafter may have with respect to the same subject matter that gave rise to the above-captioned

action, as well as claims relating to or arising out of the subject matter that gave rise to the above-captioned action that could have been but were not alleged in this action.

Plaintiff and Plaintiff's guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

Plaintiff and her attorneys stipulate and agree that Plaintiff, by and through her attorneys, will satisfy or resolve any and all known claims for payment or reimbursement and any and all known liens asserted by any individual or entity before distributing to Plaintiff any portion of the Settlement Amount. Plaintiff and her attorneys further agree that, no later than ninety (90) days from the date the United States has paid the Settlement Amount, Plaintiff's attorney shall provide to the United States evidence that each known claim or lien has been satisfied or resolved and that all lienholders and claimholders have waived and released all such liens and claims. The evidence required by the terms of this paragraph may be satisfied by a letter from Plaintiff's attorney representing to counsel for the United States that each such lien or claim has been satisfied or resolved and that all lienholders and claimholders have waived and released such liens and claims.

5. This compromise settlement is specifically subject to each of the following conditions:

    a. The Attorney General or the Attorney General's duly authorized designee must approve the terms and conditions of the settlement and authorize the attorney representing

the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation.

        b. The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of this Stipulation before the United States will seek settlement authority from the Attorney General or the Attorney General's designee.

        c. Kristi Baker must be alive at the time the Settlement Amount is electronically transferred. In the event of the death of Kristi Baker prior to the date the Settlement Amount is electronically transferred, the entire Stipulation and compromise settlement are null and void.

        d. Plaintiff must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the subject matter of the above-captioned action. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiff in obtaining a Release and Waiver from any alleged tortfeasor. Before the United States will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiff must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.d., or (ii) a written representation by Plaintiff's

attorney stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiff's records and files, Plaintiff and her attorneys are unaware of any such potential tortfeasor.

      e. In the event there are any currently known liens or claims for payment or reimbursement, including any liens or claims by Medicaid (including the State of Illinois or any other state) or Medicare, arising out of the subject matter that gave rise to the above-captioned action, whether disputed as legally valid or not, Plaintiff must obtain a release and waiver from any State, private entity, or private individual who claims to have such lien or claim. For purposes of this Stipulation, such lien or claim includes, but is not limited to, a claim or cause of action for reimbursement for any payments made to or on behalf of Plaintiff or a claim or cause of action for reimbursement for any goods or services provided or furnished to or on behalf of Plaintiff. Plaintiff must obtain such release and waiver before the United States will seek settlement authority from the Attorney General or the Attorney General's designee. Plaintiff and her attorneys agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiff, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or claimant has waived and released such lien or claim. The evidence required by the terms of this paragraph may be satisfied by a letter from Plaintiff's attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or claimant has waived and released such lien and claim.

      f. Payment of the settlement is subject to there being sufficient funds in the account established by Congress (*e.g.*, 42 U.S.C. § 233(k)) for payment of settlements and judgments of claims subject to the Federally Supported Health Centers Assistance Act of 1992 and

1995 (42 U.S.C. §§ 233(g), *et seq.*) to pay the settlement in its entirety.

        g.    The United States District Court for the Northern District of Illinois must dismiss the United States from this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above-captioned action, this settlement, or the United States.

    6.    The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in its entirety, and Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

    7.    Any and all individual taxation consequences as a result of this Stipulation are the sole and exclusive responsibility of Plaintiff. Defendant does not warrant any representation of any tax consequences of this settlement, including this Stipulation. Nothing contained herein shall constitute a waiver by Plaintiff of any right to challenge any tax consequences of this settlement, including this Stipulation.

    8.    Plaintiff represents that she has read, reviewed and understands this Stipulation, and that she is fully authorized to enter into the terms and conditions of this agreement and that she agrees to be bound thereby. Plaintiff further acknowledges that she enters into this Stipulation freely and voluntarily. Plaintiff further acknowledges that she has had sufficient opportunity to discuss this Stipulation with her attorney, who has explained the document to Plaintiff and that Plaintiff understands all of the terms and conditions of this Stipulation.

    9.    It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

**WHEREAS,** the parties accept the terms of this Stipulation for Compromise Settlement and

Release as of the dates written below:

Executed this __25th__ day of __april__, 2017.

UNITED STATES OF AMERICA

JOEL R. LEVIN
Acting United States Attorney

By: _____
JEFFREY M. HANSEN
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-1325
jeffrey.hansen@usdoj.gov

Executed this **30th** day of **March**, 2017.

ATTORNEY FOR PLAINTIFF

_[signature]_

SUSAN J. SCHWARTZ
Corboy & Demetrio
33 North Dearborn Street
Suite 2100
Chicago, Illinois 60602
(312) 346-3191
sjs@corboydemetrio.com

Executed this 30th day of March, 2017.

KRISTI K. BAKER, Individually

*/s/ Kristi K. Baker*
KRISTI K. BAKER